The opinion of the court was made known at October term, 1S44.
Shaw, C. J.
Several questions arise upon these exceptions, besides the main question, to which the attention of the court has been more particularly directed. The first is, whether, in this action, the plaintiff should have been allowed to impeach the judgment rendered in favor of the present defendant, by evidence tending to show that it was erroneous and ought not to have been rendered. The court are of opinion that the judge of the court of common pleas did right in excluding such evidence. This is an action of trespass for taking certain wood, the property of the plaintiff, and the defendant seeks to justify the taking, under a judgment and execution, for the satisfaction of which he insists that the defendant was liable. If the action will lie at all, it would equally well lie against the officer, as a joint or sole trespasser. The admission of this evidence would sanction the principle, that an officer, or persons acting with or under him in the service of an execution, may be charged as trespassers, on evidence going behind the judgment, and showing that, on the merits, the judgment creditor ought not to have recovered; which would be contrary to first principles.
Besides ; every member of a corporation is so far privy in interest in a suit against the corporation, that he is bound by a judgment against it. Brewer v. New Gloucester, 14 Mass. 216 What is the extent of his personal liability under it, is a very different question, depending on rules applicable to the different kinds of corporations.
Another ground of defence taken was, that the school dis tnct had corporate property, on which the execution might have *551 been satisfied, and if the present plaintiff’s property were liable at all, it could not be taken, if there was corporate property, which might be taken, until such corporate property had fiist been taken and applied.
It is very questionable, upon the facts stated, whether there was any corporate property, on which the execution might have been levied; but the decisive answer, we think, is, that if the original defendant (the present plaintiff) was liable at all, it is because all the members of the quasi corporation were sued by their aggregate name, all were liable as parties and original debtors, and the judgment creditor had his election, in the first instance, to levy upon the corporate property, or on the property of one or more of the members of the corporation, as in the case of towns.
This leads to the principal question, whether a judgment creditor, having an execution against a school district, as now constituted by the laws of the Commonwealth, can take the property of the individual inhabitants of such district, to satisfy his execution.
This is an important question, and one, we believe, which has not been directly decided. Indeed, it is comparatively but a few years since school districts have been invested with the functions of corporations, to the extent to which they are now carried by law. This is probably the reason why the question has not arisen before.
The general rule undoubtedly is, that members of corporations are not personally responsible for the satisfaction of judgments recovered against the corporate body. But it has long been held in this Commonwealth, that where the inhabitants of towns are charged by law with the performance of duties, and made liable to a suit therefor, the individual members are liable to the satisfaction of the judgment. The suit seems to have been regarded as an action against the individual persons, sued by a collective name, as a corporation, rather than as a suit against a corporation, strictly so considered. This rule is supposed, by Mr. Dane, to be founded on immemorial usage. 5 Dane Ab 158 This rule was affirmed, and the authorities on *552 which it rests, were fully stated, and the same rule held to apply to parishes, in a recent case. Chase v. Merrimack Bank, 19 Pick. 564.
Taking the rule, then, to be well settled by authority, as it applies to towns and parishes, the question now is, whether it applies to school districts. The cases are strictly analogous. Originally, towns might, and in many instances did, exercise the functions of parishes, by providing for the support and maintenance of public worship, and the erection of houses therefor. If, in that state, a judgment had been rendered against a town, for a debt due from such town, in its parochial capacity, each inhabitant would have been liable for its payment. This consideration, no doubt, was one strong reason why, when the parochial functions of towns were transferred to a distinct body, organized as a parish, the inhabitants and members of such parish should be liable to the same responsibility for its debts as if the organization had remained unchanged. And it appears to us, that the case of inhabitants of school districts is strictly analogous. They are quasi corporations of the same kind, constituted in the same manner, and charged with the same duties, and invested with like powers. It is optional with towns to divide their territory into school districts, or not. They may, if they choose, provide school houses for the town, at its own expense, and contract debts therefor, which, upon judgment and execution obtained against the town, each individual inhabitant would be bound to satisfy. Rev. Sts. c. 23, $ 24. But if, as a matter of convenience, and in pursuance of a power given to towns therefor, they prefer to divide the town into school districts, and the inhabitants of each district are charged with the same duties, in regard to the building, purchase, or hiring of a school house for the district, which would otherwise have devolved on the whole town, why should they not be in like manner liable for the debts oí the district, to the same extent to which they would have been liable, as inhabitants of the town, for a similar debt incurred by the town ? The effect of this provision of law, we think, was simply to make the inhabitants of each district a quasi corpo *553 ration for a limited and specific purpose, to exercise the same powers as towns, and to the same extent to be liable to the same duties and obligations, as the inhabitants of towns are liable to, in like cases. School districts, so far as they are corporations, are corporations of the same kind as towns, organized for the same purposes, charged with the same duties, and therefore the court are of opinion, that when judgment is recovered against them, the individual inhabitants are liable for the satisfaction of the execution on such judgment, in the same manner as the inhabitants would be for a similar judgment and execution against the town.

Exceptions overruled.